IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KEVIN DEMETRIUS HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-069 |
| | ) | |
| THE UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, filed the above-captioned case on May 27, 2022. (Doc. no. 1.) After his motion to proceed *in forma pauperis* was denied without prejudice, he paid the filing fee on June 7, 2021. (Doc. nos. 2, 5; June 7, 2022 doc. entry.) On June 8, 2022, the Court provided Plaintiff with basic instructions regarding the development and progression of this case. (Doc. no. 7.) The Court explained Plaintiff is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the June 8th Order, so that Plaintiff could determine the appropriate method of service for each Defendant. (Id. at 1.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual Defendants or the entire case. (Id.) Defendant United States of America has since filed a motion to dismiss on behalf of itself and Defendant Social Security, alleging insufficient service of process.[1] (See doc. no. 18.)

---

[1] With this Report and Recommendation, the Court makes no determination on whether Plaintiff has provided proof of service for Defendants United States of America and Social Security.

When the deadline for effecting service under Fed. R. Civ. P. 4(m) had passed and there was inadequate evidence the non-moving Defendants had been served, the Court ordered Plaintiff to explain the reason for delay in service and whether dismissal is inappropriate. (Doc. no. 19.) On the same day, Plaintiff filed a document entitled "Judicial Notice." (Doc. no. 20.)

In his Judicial Notice, Plaintiff attests his summons, which were issued June 7, 2022, (doc. no. 6), were served along with the complaint on all Defendants on June 24, 2022. (Doc. no. 20, p. 2.) Plaintiff claims a certificate of service was filed on July 6, 2022, which the Court presumes is the certificate included with his Motion to Reunify Family, stating the summons and complaint were simply mailed to various addresses. (Doc. no. 14, pp. 24-25; doc. no. 20, pp. 25-26.) He also "affirm[s] that a non-party to the complaint served the summons and complaint in a manner consistent with the service of process requirements of Rule 4 of the Federal Rules of Civil Procedure." (Id. at 2.) Plaintiff explains that on August 13, 2022, he met with an unnamed Sergeant in the Civil Division of the Richmond County Sherriff's Office, who inspected Plaintiff's case file to help Plaintiff determine how to serve process. (Id. at 3.) The Sergeant told Plaintiff no additional action was necessary unless ordered by this Court. (Id.)

Most relevant, Plaintiff submits an "Affidavit of Service by Mail" with his Judicial Notice, where he claims an unnamed process server mailed a copy of the summons and complaint on June 24, 2022, to nine addresses which he lists. (Id. at 28-29.) Plaintiff includes scans of six signed United States Postal Office Certified Mail receipts, addressed to: private attorney Glee Smith, private attorney Eugene Matthews, private attorney Neil Staten Bitting, Jr, the Social Security Administration, the United States Attorney General, and the United States' Attorney's Office. Plaintiff signs the affidavit under penalty of perjury under the laws of "Kingdom of New Liberia, County of Turpin Hill, Country of the United States." (Id. at 28-29.)

Although Plaintiff states the above constitutes proper service, the documents do not show that summons have been returned executed or valid service has been accomplished. Pursuant to Fed. R. Civ. P. 4(j), service on a state or local government entity may be completed by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j). Plaintiff did not attempt service on the chief executive officer of any of the state or local governments, so if he did not comply with Georgia and South Carolina laws on service, then those Defendants, as well as individual Defendant Williams, should dismissed for improper service.

Under Georgia law, to sue a "public body or organization" like the Department of Human Services or the Richmond County School Board, summons must be served upon the "chief executive officer or clerk thereof," neither of which appear to be private attorneys Ms. Smith or Mr. Bitting. O.C.G.A. § 9-11-4(e)(5). Likewise, to sue a County like Richmond County and its DFCS office, the complaint and summons should be delivered "to the chairman of the board of commissioners . . . mayor or city manager of the city, or to an agent authorized by appointment to receive service of process." Id. Plaintiff has provided nothing to the Court indicating Ms. Smith and Mr. Bitting are agents authorized to receive service for Richmond County.

Under South Carolina law, to serve a state officer or agency, Plaintiff must provide "a copy of the summons and complaint to such officer or agency and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General at Columbia." S.C. R. Civ. P. 4(d)(5). To serve a governmental subdivision, the Plaintiff must serve by "delivering a copy of the summons and complaint to the chief executive officer or clerk thereof, or by serving the summons and complaint in the manner prescribed by statute for the service of summons and

complaint or any like process upon any such defendant." S.C. R. Civ. P. 4(d)(6). Plaintiff provided nothing to the Court indicating private attorney Mr. Matthews is the proper officer or agent authorized to receive service for Charleston School District. Moreover, Plaintiff never served the Attorney General of South Carolina in accordance with the rules.

Finally, Plaintiff is suing Defendant Williams, an individual who must be served personally by either (1) delivering a copy of the summons and complaint or (2) leaving a copy of each at the individual's dwelling place with someone of suitable age and discretion. Fed. R. Civ. P. 4(e)(2). Mailing the complaint and summons to Ms. Smith does not show personal service upon Defendant Williams.

Further, neither the Federal Rules nor Georgia law allows for service by mail against the Defendants here who have not yet moved to dismiss. See Colclough v. Gwinnett Pub. Sch., 734 F. App'x 660, 662 (11th Cir. 2018) (holding O.C.G.A § 9-11-4(5)(e) does not allow service by mail); Winters v. City of Valdosta, No. 7:11-CV-22 (HL), 2012 WL 523693, at *3 (M.D. Ga. Feb. 15, 2012) ("like federal law, service by mail is not sufficient under Georgia law") (citing Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga., 720 F.2d 1230, 1232 (11th Cir.1983)).

While South Carolina law does allow service by certified mail, it is only accomplished by properly serving the appropriate individual at the specific entity. S.C. R. Civ. P. 4(d)(5)-(6); Owners Ins. Co. v. Foxfield Commons, POA, Inc., 2021 WL 5086262 at *8-*11 (D.S.C. 2021). As explained above, service was attempted by Plaintiff on the wrong person and therefore not performed in accordance with the South Carolina Rules of Civil Procedure. In sum, Plaintiff simply had an unidentified person mail copies of the complaint and summons to three attorneys at three locations to serve five government defendants and an individual. Plaintiff has attempted service upon the wrong people using the wrong methods.

If Plaintiff was attempting to have Defendants waive formal service of summons, Plaintiff is still responsible for properly effecting personal service under Fed. R. Civ. P. 4(c) and (e) if a Defendant does not waive formal service.

To the extent there was any question as to what type of service applied to which Defendant or how to properly accomplish such service, the Court cautioned Plaintiff it was his responsibility to determine which method of service is appropriate and as a courtesy, directed the Clerk of Court to provide him with a copy of Rule 4 multiple times.  (Doc. nos. 7, 19.)  The responsibility for properly effecting service stands firmly with Plaintiff.  Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)).  Despite having been provided with the information and tools needed to effect service, Plaintiff has not complied with the Federal Rules of Civil Procedure, as all litigants appearing in this Court are required to do.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant any further extension of the service period.  The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service.  Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action.  Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.).  There is no indication any Defendant may be attempting to evade service.

To the extent the statute of limitations may bar a refiled action, the Court has granted Plaintiff extensions of time to effect service not only in this case, but also in Plaintiff's prior case

regarding this same issue.  See Howard v. United States, No. CV 121-118, 2021 WL 5456967 (S.D. Ga. Nov. 22, 2021).  Nothing about dismissal without prejudice for failure to timely effect service will impact Plaintiff's ability to argue for tolling the applicable statute of limitations or otherwise arguing any refiled action is timely.

The Court warned Plaintiff that failure to effect service could lead to dismissal of the entire case or the unserved Defendants.  (See doc. nos. 7, 19.)  Accordingly, the Court **REPORTS** and **RECOMMENDS** Defendants Georgia Department of Human Services, Richmond County Department of Family and Children Services, Kira Williams, the Consolidated Government of Augusta Richmond, the Charleston County School District, and the Richmond County Board of Education be **DISMISSED** without prejudice for failure to timely effect service.  See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 6th day of October, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA